HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

In re:                                              Appeal No. 13-05503 RBL

MERIDIAN SUNRISE VILLAGE, LLC,                      Bankruptcy No. 13-40342-BDL

                            Debtor.                 Adversary No. 13-04225-BDL

_____

MERIDIAN SUNRISE VILLAGE, LLC,                      ORDER DENYING FUNDS'
                                                    MOTION TO VACATE
                            Plaintiff,

        v.                                          [Dkt. #51]

NB DISTRESSED DEBT INVESTMENT
FUND LIMITED, et al.,

                            Defendants.

        THIS MATTER is before the Court on the Funds' Motion to Vacate the Judgment

Affirming the Bankruptcy Court's Preliminary Injunction and Confirming the Debtor's

Reorganization Plan [Dkt. #51].  The Motion is based on Rule 60(b) and the Funds' contention

that, after the judgment, it discovered that a portion of the factual basis for this Court's decision was false.

The Funds argue that two of debtor Meridian's officers (Corliss and Waiss) previously claimed that they negotiated the Loan Agreement's terms regarding the assignment of the loan to "Eligible Assignees."  Corliss and Waiss also claimed that they were motivated to limit the eligible assignees (and to preclude assignment to entities like the Funds) by a previous negative experience with assignment to a non-institutional lender, and did not want to have to negotiate the fate of the Project with an entity like the Funds.

The Funds claim that post-judgment discovery[1] has demonstrated that (1) no one from Meridian "negotiated" the "Eligible Assignee" term, and (2) Corliss' prior "negative experience" did not actually involve the assignment of his loan to a non-institutional lender.  It argues that this Court specifically relied on the veracity of testimony to the contrary, and that, based on this new evidence, the Court should vacate its prior rulings.

Meridian argues that, in context, Corliss' claim that he was involved in the negotiation of the Loan Agreement is not inconsistent with his deposition testimony that he "did not negotiate the documents."  It also argues that the accuracy of Corliss' recollection about the prior negative experience is not relevant; whatever the impetus was, he did not want the loan to be freely assignable to entities like the Funds.

---

[1] This Court affirmed the Bankruptcy Court's preliminary injunction precluding the Funds from voting on Meridian's Reorganization Plan, and the Bankruptcy Court's subsequent confirmation of that Plan.  The underlying adversary proceeding is apparently ongoing, and is scheduled for trial in the Bankruptcy Court on May 15, 2014.

ORDER - 2

As an initial matter, the Funds' Motion over-emphasizes the import of Corliss' and Waiss' prior testimony. Their claims about *how* the definition of "Eligible Assignees" came to be part of the Loan Agreement, and *why* they wanted the Loan Agreement to preclude assignment to entities like the Funds, was not the primary, or even the secondary, basis for the Court's prior rulings. These claims added context, to be sure, but the testimony was not used to "show an intention independent of the instrument or to vary, contradict or modify the written word." *See Hearst Communications, Inc., v. Seattle Times Co.*, 154 Wn.2d 493, 503, 115 P.3d 262 (2005).

Instead, the most compelling evidence of the parties' intent was the language they used in the Loan Agreement:

> "Eligible Assignee" means any Lender or any Affiliate of a Lender or any commercial bank, insurance company, financial institution or institutional lender approved by Agent in writing and, so long as there exists no Event of Default, approved by Borrower in writing, which approval shall not be unreasonably withheld.

Loan Agreement at §1.1. As this Court explained in its Order on the Funds' Emergency Motion for Leave to Appeal and for Stay [Dkt. #15], the Funds' broad reading of the term "financial institutions" rendered the remaining limitations meaningless—read as they suggested, there was no practical limitation on the assignment of Meridian's loan, at all. The language used, alone, warranted the result reflected in this Court's prior ruling, and nothing in the current Motion changes that analysis.

The second most compelling fact—one that bolstered the Court's reading of the language used, but did not alter it—was that US Bank actively sought Meridian's agreement to waive the assignment limitations in late 2012, because it claimed that the restriction was hampering its efforts to sell the Loan. This conduct demonstrated rather clearly that US Bank read the Loan

Agreement's Eligible Assignee provision[2] as Meridian did, and as the Court did—that it was in fact a limitation, and that the Funds were not Eligible Assignees under the agreed-upon definition of that term.

The Funds' claim that Corliss and Waiss misled the Court does not warrant the relief they seek under Rule 60(b). The Funds' articulation of the Rule 60 standard is correct: Rules 60(b)(1), (2), (3), and (6), respectively, allow for relief from judgment based on mistake, newly discovered evidence, fraud or misrepresentation, or any other reason justifying relief. Relief from judgment under Rule 60(b) is appropriate to correct judgments that rely on false or misleading testimony. *See* Fed. R. Civ. Pro. 60(b); *In re Levander*, 180 F.3d 1114, 1120 (9th Cir. 1999).

First, the "new evidence" does not establish that Meridian misled the Court. The shading is different, undoubtedly, but the gist of Meridian's principal's claim—that they sought and received a limitation on the assignability of the Loan—is not undermined by the fact that they did not actually exchange alternating drafts with their lender. There is evidence that other Corliss/Investco loans with US Bank did not include similar language. It is possible that Meridian asked for a limiting term before the documents were drafted and an acceptable term was included in the first draft.

Similarly, the fact that Corliss' "negative experience" 20 years ago did not actually involve an assignment does not warrant this Court's reversal of its prior Orders. That testimony was offered only as an explanation for why Meridian wanted to limit Loan assignment. But whatever the reason, the fact is, Meridian wanted the limitation. And whether it wanted it or not,

---

[2] If, as the Funds now claim, Meridian had nothing to do with this language, then US Bank necessarily drafted it. And its own contemporaneous conduct demonstrates that it knew exactly what the language meant.

1  the Loan Agreement included a term that did limit assignment.  The accuracy of Corliss'

2  recollection is not relevant, and it played no substantive role in this Court's prior rulings.

3          Finally, and in any event, the challenged testimony does not warrant a different

4  interpretation of the actual contract language. Even if that testimony was flatly wrong, it was not

5  the basis for the Court's interpretation of the language used in the Loan Agreement.  That

6  language alone was sufficient for the determination that assignment to entities like the Funds was

7  not permitted.

8          The Court will not vacate its prior decisions under Rule 60.  The Funds' Motion is

9  DENIED.

10          IT IS SO ORDERED.

11          Dated this 30th day of April, 2014.

13          _____
            RONALD B. LEIGHTON
14          UNITED STATES DISTRICT JUDGE

ORDER - 5